# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JJS, LTD., and PPS INVESTORS, LTD. L.P, | ) | |
| | ) | |
| Judgment Creditors, | ) | |
| | ) | |
| v. | ) | C.A. No. N21J-06313 |
| | ) | |
| STEELPOINT CP HOLDINGS, LLC, and | ) | |
| PRO PERFORMANCE SPORTS, LLC, | ) | |
| | ) | |
| Judgment Debtors. | ) | |

## ORDER

Submitted: November 12, 2021
Decided: November 30, 2021

*Upon Consideration of Judgment Debtors Steelpoint CP Holdings, LLC and Pro Performance Sports, LLC's Motion for Leave to Deposit Funds*,
**GRANTED.**

Scott J. Leonhardt, Esquire, THE ROSNER LAW GROUP LLC, Wilmington, Delaware. *Attorney for Judgment Creditors JJS, Ltd., and PPS Investors, Ltd. L.P.*

Richard P. Rollo, Esquire, Matthew W. Murphy, Esquire, and John T. Miraglia, Esquire, RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware. *Attorneys for Judgment Debtors Steelpoint CP Holdings, LLC, and Pro Performance Sports, LLC*.

Daniel C. Kerrick, Esquire, HOGAN MCDANIEL, Wilmington, Delaware. *Attorney for Non-Parties Rudy Medina, and Ronald Stadtmueller, as Chapter 7 Trustee for the Estate of Rudy Medina.*

**BUTLER, R.J.**

On this 30th day of November, in consideration of Steelpoint CP Holdings, LLC, and Pro Performance Sports, LLC's (collectively, the "Judgment Debtors") motion to deposit funds, it appears to the Court that:

1.      This judgment action has been filed to discharge a settlement agreement executed by the Judgment Debtors, and JJS, Ltd. and PPS Investors, Ltd. L.P. (collectively, the "Judgment Creditors").[1] Under the settlement, the Judgment Debtors agreed to pay $400,000 to the Judgment Creditors in exchange for dismissal of a Delaware Court of Chancery litigation.[2]

2.      Since then, an issue arose. Non-party Rudy Medina obtained a foreign civil judgment against John Sarkisian, who owns the Judgment Creditors. Medina's foreign judgment operates as a lien on Sarkisian's personal assets. Medina apparently was aware that Sarkisian had been an individual plaintiff in the Chancery litigation. Before that case resolved, Medina prophylactically served a writ of attachment *fieri facias* (the "Writ") on the Judgment Debtors noticing them of Medina's right to any "moneys, distributions and/or proceeds" from the Chancery litigation that are awarded "to John Sarkisian" personally.[3]

---

[1] The Court of Chancery ordered the Judgment Debtors to enter the settlement in this Court. *See* D.I. 1 ¶ 3 (Am. Stip. J. & Final Or.) (citing 10 *Del. C.* § 4734 (2020)).
[2] *See generally JJS, Ltd. v. Steelpoint CP Holdings, LLC*, 2019 WL 5092896 (Del. Ch. Oct. 11, 2019).
[3] D.I. 2, Ex. A. (Writ Attach.).

3.      Now that the Chancery litigation has concluded, Medina seeks to block any imbursement to the Judgment Creditors until Medina determines whether Sarkisian is entitled to any portion of the settlement.  The Judgment Debtors have no stake in that dispute and so have moved under Civil Rule 67 to deposit their $400,000 payment with the Court.  For the reasons below, the motion is granted.

4.      By its own terms, the Writ does not encumber the Judgment Creditors. Instead, the Writ attaches only if *Sarkisian* receives a Chancery litigation award.  He did not.  Sarkisian is not a party to the settlement agreement, which obliges the Judgment Debtors to pay the full $400,000 to the Judgment Creditors alone.[4] Accordingly, and assuming Medina's objection is procedurally proper,[5] Medina has no interest in, and therefore no standing to contest, the deposit.

5.      To be sure, there may be avenues for reaching the funds *after* they are deposited or paid.  But Medina's challenge to this Rule 67 motion is not one of them. Rule 67 is a device akin to interpleader that allows a third-party payor to transfer an account to a court custodian for safekeeping while putative stakeholders litigate their claims to it.[6]  As a result, Rule 67 "relieve[s] the depositor of responsibility for a

---

[4] D.I. 1 ¶ 1 (Am. Stip. J. & Final Or.) ("The Court enters judgment against Steelpoint and PPS, as debtors, in favor of Plaintiffs, JJS, LTD and PPS Investors, LTD, L.P., as creditors, in the amount of $400,000.").
[5] Medina's objection comes via unsolicited letter.  He has not moved to intervene or to consolidate his separate judgment action with this action.
[6] *E.g.*, *Armstrong Telecommc'ns, Inc. v. CHR Sols., Inc.*, 2020 WL 6498888, at *2 (W.D. Pa. Nov. 5, 2020); *Jarzyna v. Home Props., L.P.*, 201 F. Supp. 3d 650, 656

fund in dispute."[7]  Here, the Judgment Debtors are disinterested payors.  Their sole mandate is to remit the $400,000.  Medina's position, however, would embroil them in a lawsuit that may eventuate between Medina, Sarkisian, and the Judgment Creditors, effectively frustrating the repose the settlement agreement affords.  Rule 67 does not permit this.[8]  So the Court will not either.[9]

6.     For the foregoing reasons, Medina's objection is **OVERRULED** and the Judgment Debtors' motion is **GRANTED**.   The parties shall submit an appropriate form of order for the Court's approval that implements this decision.

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

---

(E.D. Pa. 2016); *Universal Am. Corp. v. Partners Healthcare Sols. Holdings, L.P.*, 2015 WL 9473069, at *1–2 (D. Del. Dec. 28, 2015); *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 640–41 (D. Del. 2010); *see generally* Del. Super. Ct. Civ. R. 67 ("In an action in which any part of the relief sought is a judgment for a sum of money . . . disposition of any other thing[,] . . .  a party, upon notice to every other party, and by leave of Court, may deposit with the Court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.").  Given the dearth of decisions interpreting Civil Rule 67, the Court cites authority on federal Rule 67, which "closely track[s]" our Rule. *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007).

[7] *Universal Am.*, 2015 WL 9473069, at *2 (internal quotation marks omitted).
[8] *See, e.g.*, *Progressive*, 680 F. Supp. 2d at 641 ("Rule 67 should not be used as a means to alter . . . contractual relationships and the legal duties of the parties . . . .").
[9] *See, e.g.*, *id.* ("The issue of whether to allow a Rule 67 deposit lies within the discretion of the Court.").

4